*In re* WOHLFEIL'S ESTATE.

WOHLFEIL *v.* SPRAGUE. .

1. WILLS—APPLICATION OF STATUTE—PERFECTED APPEALS FROM PROBATE COURT.

> 3 Comp. Laws 1915, § 14162, providing for affirmance of the action of the probate court on failure to prosecute appeal therefrom with reasonable diligence, is applicable to perfected appeals.

2. SAME—FAILURE TO PROSECUTE APPEAL WITH REASONABLE DILIGENCE CAUSE FOR AFFIRMANCE.

> Under 3 Comp. Laws 1915, § 14162, an appeal from the allowance of a will in probate court allowed on June 23, 1925, and duly docketed in the circuit court on July 3, 1925, was properly dismissed on January 31, 1928, and the action of the probate court affirmed, on motion of proponent, for failure of contestant to prosecute his appeal with reasonable diligence.

3. SAME—DUTY TO PROSECUTE APPEAL IS ON APPELLANT.

> Under 3 Comp. Laws 1915, § 14162, the duty of prosecuting an appeal from the allowance of a will in probate court is on the appellant, and the appellee may sit by until want of prosecution brings the statute into operation and authorizes affirmance.

Error to Wayne; Richter (Theodore J.), J. Submitted October 10, 1928. (Docket No. 135, Calendar No. 34,010.) Decided December 4, 1928.

Emma Wohlfeil presented for probate the last will of Charles Wohlfeil, deceased. The will was allowed in the probate court, and Michael Wohlfeil appealed to the circuit court: On motion of proponent the appeal was dismissed for want of prosecution. Laurence M. Sprague, administrator of the estate of Michael Wohlfeil, deceased, brings error. Affirmed.

*Lucking, Hanlon, Lucking & Van Auken,* for appellant.

*Fred Dye,* for appellee.

WIEST, J.   November 1, 1923, Charles Wohlfeil executed his will and devised and bequeathed all of his estate, real and personal, to Emma Wohlfeil, his wife.   He died April 29, 1925, without issue.   The will was admitted to probate June 10, 1925.   June 20, 1925, Michael Wohlfeil, father of the deceased, gave notice of appeal to the circuit court, alleging the testator was mentally incompetent to execute the will, and that it was the result of undue influence exercised by the beneficiary.   June 23, 1925, the appeal was allowed, and July 3, 1925, duly docketed in the circuit court.   The appeal was not prosecuted in the circuit court, and, January 31, 1928, Emma Wohlfeil moved for its dismissal and the affirmance of the action in the probate court.   The appeal was dismissed for failure of contestant to prosecute his appeal with reasonable diligence, and the action in the probate court was affirmed.   No excuse appears for the delay.   We review by writ of error.

Relative to appeals from the probate court the statute (3 Comp. Laws 1915, § 14162), provides:

"If the appellant shall fail to prosecute his appeal with reasonable diligence, the circuit court, upon evidence that such appeal was taken, and on the motion of any person interested in the case, shall affirm the decree or action appealed from, and may allow costs against the appellant."

Appellant contends that this statute does not apply to perfected appeals.   It must be conceded that the wording of the statute might have been improved, but the meaning is apparent.   When action

in the probate court is affirmed in the circuit, there must exist a perfected appeal, otherwise there could be no more than a dismissal for failure to perfect. The statute is intended to spur the appealing party to diligence in prosecuting the appeal. There was inexcusable want of diligence, and the order in the circuit was right. It is also urged that appellee, by not pressing trial of the appeal, waived right to invoke the statute and have affirmance of the probate order. This, if sanctioned, would nullify the statute, for then its provisions could never be operative. The statute places the duty of prosecuting the appeal upon the appellant. If he is dilatory the appellee is entitled to judgment of affirmance. This right, given by the statute, does not call for any pressing to trial by appellee, for he may sit by until want of prosecution by appellant brings the statute into operation and authorizes affirmance.

The order in the circuit court is affirmed, with costs.

FEAD, C. J., and NORTH, FELLOWS, CLARK, Mc. DONALD, POTTER, and SHARPE, JJ., concurred.